UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
THE MUSEUM OF MODERN ART, and THE        :
SOLOMON R. GUGGENHEIM FOUNDATION,        :
                                         :    07 Civ. 11074 (JSR)
        Plaintiffs,                      :
                                         :    ORDER
        -v-                              :
                                         :
JULIUS H. SCHOEPS,                       :
                                         :
        Defendant.                       :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-08

Defendant Julius H. Schoeps has moved to dismiss this action on the ground that, in light of the ruling of the Supreme Court of New York, New York County, in Schoeps v. The Andrew Lloyd Webber Art Foundation, 2007 NY Slip Op 52183U (N.Y. Sup. Ct. Nov. 19, 2007), he lacks the legal capacity to be sued as an individual over ownership of the paintings at issue in this case. On March 5, 2008, the Court heard oral argument on the motion to dismiss, and promised the parties a prompt ruling. However, having carefully considered the parties' submissions and their arguments before the Court, the Court finds that there remains an important issue of German law that has not been previously briefed by the parties and as to which their input is requested.

The issue arises because Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued of "an individual who is not acting in a representative capacity" is determined "by the law of the individual's domicile," while the capacity of all other parties is determined "by the law of the state where the court is

located." Defendant Schoeps is a resident of Germany. See Complaint for Declaratory Relief ¶ 19. Plaintiffs have repeatedly represented that they are suing Schoeps in his personal capacity. See Memorandum of Law in Opposition to Defendant Julius H. Schoeps' Motion to Dismiss the Complaint for Declaratory Relief, at 1, 8; see also transcript, 3/5/08. Defendant, for his part, is appealing the New York ruling that he can only sue, in the case pending in New York court, in his representative capacity, and maintains that he can sue, even in New York, in his individual capacity. See transcript, 3/5/08.

Accordingly, the Court directs the parties to submit further briefing on the following questions:

First: Is the capacity of Schoeps to be sued in the instant action governed by the law of New York or the law of Germany? If it is German law, what is the content of German law on that question?

Second: Should the Court's analysis of Schoeps's capacity to be sued be affected by the fact that this suit is one for declaratory judgment?

Plaintiffs and defendant are each directed to submit briefing on these questions in the form of their respective memoranda of law, not to exceed 15 double-spaced pages, to be filed by Tuesday, April 1, 2008. The parties may also submit memoranda responsive to their respective adversary's initial memorandum, in the form of answering memoranda of law, not to exceed 15 double-spaced pages, to be filed by Tuesday, April 8, 2008.

The Court will then decide the pending motion by April 21, 2008. In the meantime, discovery will continue in accordance with the Case Management Plan previously ordered by the Court.

SO ORDERED.

Dated: New York, NY
       March 25, 2008

JED S. RAKOFF, U.S.D.J.