UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
THE MUSEUM OF MODERN ART, and THE :
SOLOMON R. GUGGENHEIM FOUNDATION, :
: 
                Plaintiffs, :
: 
BOY LEADING A HORSE, and LE MOULIN DE :   07 Civ. 11074 (JSR)
LA GALETTE, Two Paintings by Pablo Picasso, :
: 
                Plaintiffs-in-rem, :
: 
                - against - :
: 
JULIUS H. SCHOEPS, :
: 
                Defendant. :
: 
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN RESPONSE TO ORDER DATED MARCH 25, 2008
REQUESTING ADDITIONAL INFORMATION AND
IN FURTHER OPPOSITION
TO DEFENDANT JULIUS H. SCHOEPS' MOTION TO
<u>DISMISS THE COMPLAINT FOR DECLARATORY RELIEF</u>**

                                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                         One Liberty Plaza
                                         New York, New York 10006
                                         (212) 225-2000

                                         Attorneys for Plaintiffs The Museum of Modern Art
                                         and The Solomon R. Guggenheim Foundation

Of Counsel:

    Evan A. Davis
    Kirsten L. O'Connell

Plaintiffs The Museum of Modern Art ("MoMA") and The Solomon R. Guggenheim Foundation (the "Guggenheim") (together, the "Museums") respectfully submit this memorandum of law and the accompanying statement of Professor Wolfgang Ernst ("Exhibit A") in response to this Court's order dated March 25, 2008 requesting a memorandum of law addressing (1)(a) whether the defendant's capacity to be sued is governed by New York or German law, and (b) the content of the applicable German law, and (2) whether the Court's analysis of defendant's capacity to be sued should be affected by the fact that this suit is one for declaratory relief.

## PRELIMINARY STATEMENT

A Rule 17(b) analysis of the question of whether Defendant Julius H. Schoeps ("Schoeps") has the capacity to be sued as an individual in this Court leads to the same conclusion, albeit by way of German law, that Plaintiffs reached in their analysis of the federal law of quiet title, earlier briefed and argued to the Court. Rule 17(b)(1) directs that German law determine the question of whether Defendant has the capacity to be sued as an individual in this case. As described in greater detail below, an analysis of the relevant German law demonstrates that Schoeps may, indeed, be sued as an individual in this declaratory judgment action, to quiet Plaintiffs' titles to the paintings as against him. In sum, under Rule 17(b), Plaintiffs may sue Schoeps precisely as they have done in filing this action.

## DISCUSSION

Plaintiffs did not initially address the question of whether, under Rule 17(b)(1), Schoeps does, in fact, have the capacity to be sued as an individual in this action. Instead, Plaintiffs analyzed Defendant's arguments under both the New York law and federal law

defining proper parties. Pls.' Opp. Br. 8-10. On the basis of their analysis of these issues, Plaintiffs argued that under New York and federal law, they could properly seek a declaratory judgment against Defendant, individually, to determine whether he has any rights in the paintings.

Under a Rule 17(b)(1) analysis the conclusion is the same. As is the case under the U.S. federal law discussed in our prior briefing, under German law, where someone asserting he is a co-heir maintains that a specific asset belongs to a community of heirs, the aggrieved party may seek a declaratory judgment action against a single opposing co-heir or all the heirs together. German law provides that a plaintiff may bring such an action against a single co-heir because the defendant is able to "comply" with the judgment without the assistance of his co-heirs and because a declaratory judgment action is not binding upon co-heirs not named in the suit.

## RESPONSE TO FIRST QUESTION

A. The initial component of the Court's first question is whether, under Rule 17(b)(1), the capacity of Schoeps to be sued in the instant action is governed by the law of New York or the law of Germany. Here, it is clear that the law of Germany governs.

Section 17(b)(1) provides that the capacity to sue or be sued is determined "for an individual who is not acting in a representative capacity, by the law of the individual's domicile." Plaintiffs are suing Defendant Schoeps in his individual capacity and Schoeps is domiciled in Germany. German law therefore governs the question of whether it is proper seek a declaratory judgment against Schoeps in his individual capacity in respect of rights that he shares with his co-heirs.

B. The second component of the Court's first question asks about the content of German law on the question of capacity to be sued. The relevant German law is set forth in the report of Professor Wolfgang Ernst attached hereto ("Ernst Report").

German law governing the ability to seek a declaratory judgment to quiet title tracks, to an impressive extent, the federal and New York law Plaintiffs have previously briefed and argued.[1] Under German law, a single co-heir in a declaratory judgment action can be sued for a negative declaration, since that co-heir could 'comply' with the judgment without the assistance of his co-heirs. See Ernst Report, Ex. A, at 3. Under federal and New York law, a quiet title action may be brought by a plaintiff against any of the parties claiming to have an interest in the property, in order to determine that plaintiff's rights solely as against the defendant. See Pls.' Opp. Br. 8-10.

More generally, under German law, where a plaintiff brings an action against an estate (e.g. a claim for repayment of money lent to the deceased), all co-heirs must be joined as defendants unless all the co-heirs are not known or it is unreasonably burdensome to determine their identity and location. Ernst Report, Ex. A, at 2-3. In such cases, if requested by the plaintiff, the German Court will appoint a curator of the estate. Id. at 3. Were such law to apply, which it does not because of the German rule applicable to a declaratory judgment, this court, as explained in our prior briefing, would have the power to order the joinder of additional parties under 28 U.S.C. § 1655. Pl's Opp. Br. 10. German law also provides that a single co-heir may

---

[1] In sum, as to federal law, plaintiffs pointed (i) to case law that gives the plaintiff the right to decide which tenants in common are to be sued in a quiet title action, and (ii) to the lack of any basis to distinguish the situation of co-heirs from that of tenants in common. As to New York law, plaintiffs pointed out that, even accepting the soundness of Judge Acosta's decision that New York law closes the courthouse door to an heir claiming to represent 100 percent of his co-heirs and seeking the return of an object allegedly owned jointly with them unless he is actually appointed as a representative of the estate in Surrogate's Court, New York law does not prohibit an aggrieved party from seeking a declaratory judgment against a co-heir only in his personal capacity and only as to his rights.

3

assert a claim to an asset and ask that the property be turned over to all co-heirs jointly without having those co-heirs join as plaintiffs. See Ernst Report, Ex. A, at 2.

### RESPONSE TO SECOND QUESTION

The Court's second question is whether the analysis of Schoeps's capacity to be sued should be affected by the fact that this suit is one for declaratory relief.

In the prior briefing, Plaintiffs showed why it was proper under federal and New York law to bring a suit for declaratory relief against Schoeps only, i.e. for a declaration of rights that would conclusively remove the cloud that Schoeps placed on the Museums' titles to the paintings. Pls.' Opp. Br. 13-15. Under German law the result is the same. As the attached Report of Professor Ernst makes clear, "The German Federal Court held that a single co-heir can be sued for a negative declaration, since the defendant could 'comply' with the judgement without the assistance of his co-heirs." Ernst Report, Ex. A, at 3. As with the U.S. federal law rule discussed in our prior briefing, under German law it is for the aggrieved party to decide whether to sue just the opposing co-heir or all the heirs together. Id. at 4.

Professor Ernst's discussion of how German law would apply in a suit against a person whose own actions were casting a cloud on title is also relevant. As he explains in his Statement, under German law one would be entitled to sue just the person clouding title. See Ernst Report, Ex. A, at 4. Here, it is Schoeps's actions that are casting a cloud on Plaintiffs' title and this fact provides further, independent, support under German law for Plaintiffs' decision to sue only Schoeps in his personal capacity.

## CONCLUSION

For the foregoing reasons, the Court should deny Schoeps' motion to dismiss the Complaint.

Dated: New York, New York
      April 1, 2008

      Respectfully submitted,

      CLEARY GOTTLIEB STEEN & HAMILTON LLP

      By: _____
      Evan A. Davis
      Member of the Firm

      One Liberty Plaza
      New York, New York 10006
      Tel: (212) 225-2000

      Attorneys for The Museum of Modern Art
      and The Solomon R. Guggenheim Foundation

Of Counsel:

    Kirsten L. O'Connell

# EXHIBIT A

Prof. Dr. Wolfgang Ernst, LL.M. (Yale)  Tobelhofstrasse 22
CH 8044 Switzerland

March 26, 2008

Evan A. Davis
Cleary Gottlieb Steen & Hamilton, LLP
1 Liberty Plaza
New York, NY 10006

Dear Evan Davis

(1) I am professor of Private Law and Roman Law at the University of Zurich, Switzerland (since 2004). I have received a full legal training in Germany, including both State Examinations and a Doctorate. In Germany I have held chairs for (German) private law (and Roman law) since 1990. In 2002/3 I was the Arthur Goodhart Professor in Legal Science at the University of Cambridge (UK) I have given and continue to give classes on (*inter alia*) the German law of Contract, Property Law and Inheritance law, and on Swiss and international contract law. Among the main topics of my publications have been the German law of acquisition of movables, general contract law and sales law. I am a contributor to leading journals and commentaries, both in Switzerland and in Germany. I have been an expert member in the German Government Commission for the reform of the law of obligations (breach of contract) and an expert witness for the Legal Affairs Committee of the German Parliament on issues including the reform of the law of limitation (2000/2002). In 2007 I have been elected representative of the German law academics to the "Deutsche Forschungsgemeinschaft", the German equivalent of the National Endowment for the Humanities.

(2) You have given me Judge Jed S. Rakoff's Order of March 25, 2008 (07 Civ. 11074 [JSR]). As far as this order raises questions pertaining to German law, I make the following statement.

(3) I understand that we are dealing with a community of co-heirs which sprang into life on the basis of a testamentary disposition of a Paul von Mendelssohn-Bartholdy, a German national who died May 1935 as resident of Berlin. This community of heirs is a legal entity based on Paul von Mendelssohn-Bartholdy's German law testament and as such governed by German inheritance law, which is laid down in the German Civil Code. We are looking into issues of procedurally involving co-heirs as plaintiffs or defendants. I must start with the warning that questions of co-heirs and their procedural standing as well as the *res iudicata*-effects of different procedural strategies have caused quite a lot of doctrinal controversies;

> see, for an overwiew, A. *Heldrich*, in: Münchener Kommentar zum BGB, vol. 9, 4th ed., ad § 2032 no. 36 sequ.

(4) <u>A single co-heir as plaintiff</u>. All positions (assets, funds, claims) pertaining to the estate are held jointly by all co-heirs As a general rule, to handle the estate it therefore takes the cooperation of all co-heirs. To bring a claim on behalf of the estate would require all co-heirs to become co-plaintiffs. However, the German Civil Code provides each co-heir (alone) with the power to sue on behalf of the community; § 2039 German Civil Code (BGB). The acting heir can only ask for a payment/delivery to be made to all heirs jointly. If this is not possible, he has to ask for the item to be deposited (put in escrow) on behalf of the community of heirs.

Whether this provision (§ 2039 BGB) can be invoked in foreign courts is not for me to say.

Apart from § 2039 BGB German law does not acknowledge any individual standing of a co-heir with respect to assets pertaining to the estate. The co-heir is not a co-owner of single items of the estate, able to rely on an individual "share" of ownership. German law sees ownership resting in the community of heirs as a group; the ownership is not split into individual "shares" which could be used as a basis of claims brought individually by an isolated co-heir.

(5) <u>Co-heirs as defendants.</u>

(5a) <u>Claims against the estate.</u> If someone has a claim against the estate, e.g. for a loan given to the deceased to be returned, it is necessary to sue all co-heirs as so-called necessary co-defendants. To comply with the eventual judgment, the co-heirs would need to part with funds pertaining to the estate and this they can only do jointly.

2

All co-heirs need to be served; hence one needs to establish the identities and addresses of all co-heirs.

There is one way to get around the obvious difficulties caused by suing all co-heirs together. One can apply for the appointment of a "Curator of the Estate" ("Nachlasspfleger"). In general, German law does *not* call for the appointment of an administrator. Rather, the management and dissolution of the estate is left to the co-heirs as a self-organizing group. However, the "Court of the Estate" ("Nachlassgericht") can, under certain exceptional conditions, step in in order to secure the estate (§§ 1960, 1961 German Civil Code/BGB). The primary condition for the "court of the estate" to get active it that the heir(s) is/are unknown. The heir is also considered to be "unknown", if the situation with regard to the succession is so difficult as to make it unreasonable for the prospective plaintiff to gather all relevant material: "Unavailability" of the heir(s) is considered to constitute the heir being "unknown". A "curator of the estate" has to be appointed on request, if someone wants to sue the estate (§ 1961 German Civil Code/BGB) and encounters grave difficulties doing so due to the unavailability of the heirs. While the curator regularly has powers over the whole estate, it is possible to appoint a curator with powers limited to a specific asset.

It is for the party in opposition to the community of heirs to decide whether it tries to sue all co-heirs together or applies for the appointment of a "Curator of the Estate" with whom it then can deal.

(5b) <u>Claims for declaratory relief in particular.</u> If a co-heir (or someone asserting to be co-heir) has come forward with the assertion that a specific asset belongs to the community of heirs, whom can the aggrieved party sue for a negative declaration?

The German Federal Court held that a single co-heir can be sued for a negative declaration, since the defendant could "comply" with the judgement without the assistance of his co-heirs. There is no necessity for him to touch property held by the estate. The negative declaration can be pronounced against one isolated co-heir, so he can be sole defendant;

> Judgement of the "Bundesgerichtshof" ([Supreme] Federal Court) of May 20, 1992 - IV ZR 231/91, 1992 Neue Juristische Wochenschrift-Rechtsprechungsreport [NJW-RR] 1151.

This judgement has to be considered to constitute the "law of the land", although it has not, in the doctrinal literature, met with undivided approval;

3

> cf., e.g., *Jauernig/Stürner*, Kommentar zum BGB, 12th ed., 2007, ad § 2039 no. 7.

A judgement thus obtained against an isolated co-heir does not legally bind the uninvolved co-heirs.

Can one alternatively sue the whole community of heirs, be it by serving them all, be it by having a "Curator of the Estate" appointed as a defendant? The issue here is that proceedings directed against the community of heirs require a claim which the estate would have to satisfy ("Nachlassverbindlichkeit"). Is the estate liable to give a negative declaration, if just one of the co-heirs has come forward challenging the opposing party's title? German rules of civil procedure make claims for a negative declaration dependant on a specific interest in a judicial pronouncement, so as to clarify a legal issue between the parties. I assume one would acknowledge such an interest in a judicial pronouncement to be made against all co-heirs together. However, each and every co-heir could consent in the declaration sought. Under German civil procedure rules this would result in the plaintiff bearing all costs, including those of the co-heir who, without having questioned the plaintiff's title beforehand, at once gives the declaration sought after.

It should be stressed that the aggrieved party could decide whether to sue just the opposing co-heir or all co-heirs together.

(5c) <u>Claims for cease and desist orders in particular.</u> If a co-heir (or someone asserting to be co-heir) has come forward with the assertion that a specific asset belongs to the community of heirs, against whom can the aggrieved party try to get a cease and desist order?

The German Federal Court has held that clouding the title amounts to a nuisance;

> Judgement of the "Bundesgerichtshof" ([Supreme] Federal Court) of October 24, 2005, II ZR 329/03, 2006 Neue Juristische Wochenschrift [NJW] 689

To redress this nuisance an injunction against future nuisances can be granted. In the case decided by the German Federal Court the nuisance had not even been committed by a co-heir. The defendant was just in a close relationship to a co-heir whom he claimed to have (as co-heir) proprietary rights.

The injunction (cease and desist-order) can be directed exclusively against the very person who, by his or her own actions, has clouded the title. There is no possibility

4

to drag uninvolved co-heirs into this. They are not, simply by being co-heirs, joint tort-feasors

With kind regards,

(Wolfgang Ernst)

5