UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE MUSEUM OF MODERN ART, and THE SOLOMON R. GUGGENHEIM FOUNDATION,

Plaintiffs,

BOY LEADING A HORSE, and LE MOULIN DE LA GALETTE, Two Paintings by Pablo Picasso,

Plaintiffs-in-rem,

- against -

JULIUS H. SCHOEPS,

Defendant.

07 Civ. 11074 (JSR)

---

**REPLY MEMORANDUM OF LAW IN FURTHER RESPONSE TO ORDER DATED MARCH 25, 2008 REQUESTING ADDITIONAL INFORMATION AND IN FURTHER OPPOSITION TO DEFENDANT JULIUS H. SCHOEPS'S MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY RELIEF**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Plaintiffs The Museum of Modern Art and The Solomon R. Guggenheim Foundation

Of Counsel:

Evan A. Davis
Kirsten L. O'Connell

## TABLE OF CONTENTS

| | **Page** |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| POINT I | 2 |
| THE LAW OF REPRESENTATIVE STANDING HAS NO RELEVANCE HERE | 2 |
| POINT II | 4 |
| SCHOEPS MISSTATES AND MISAPPLIES THE LAW OF AUTHORITY TO SUE OR BE SUED | 4 |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Rules and Statutes**

28 U.S.C. § 1655 .......... 6

Fed. R. Civ. P. 9(a) .......... 5

Fed. R. Civ. P. 17(b) .......... passim

EPTL § 11-3.2(b) .......... 3

EPTL § 13-3.5 .......... 3

**Cases**

Museum Boutique Intercontinental, Ltd. v. Picasso, 886 F. Supp. 1155 (S.D.N.Y. 1995) .......... 4-6

Schoeps v. Andrew Lloyd Webber Art Foundation, 17 Misc. 3d 1128(A), No. 116768/06, 2007 WL 4098215 (N.Y. Sup. Nov. 19, 2007) .......... 1, 2, 3-4

Plaintiffs The Museum of Modern Art ("MoMA") and The Solomon R. Guggenheim Foundation (the "Guggenheim") (together, the "Museums")[1] respectfully submit this reply memorandum of law in further response to this Court's order dated March 25, 2008.[2]

**PRELIMINARY STATEMENT**

Schoeps's response to this Court's request for further briefing about the application of Rule 17(b) to his motion to dismiss and to his capacity to be sued is to argue that Rule 17(b) has no relevance whatsoever. Schoeps's contention is that even if he has the capacity to be sued for a declaratory judgment in his individual capacity under German law, he nonetheless lacks standing to be sued as a representative of the estate under New York law and that such representative standing is necessary under New York law to establish "authority" to sue him. He argues that Justice Acosta's conclusion in Schoeps v. Webber that Schoeps lacked both capacity and standing to sue the Andrew Lloyd Webber Art Foundation ("ALWAF") as a personal representative would preclude Plaintiffs from suing Schoeps in his individual capacity in a declaratory judgment action. This argument is unconvincing for several reasons.

First, Schoeps fails to explain why Rule 17(b) should be applied as if Schoeps were being sued in a representative capacity when he is being sued in an individual capacity. The wording of Rule 17(b) is not ambiguous. The New York law of representative capacity would apply only in a case where Schoeps was suing as a representative of the estate, as he did in the ALWAF case, or where a claim was asserted against him as the representative of the estate. Here, Schoeps is not is being sued as a representative of the estate, but rather is being sued in his individual capacity for a declaratory judgment as to only his rights.

---

1 All capitalized terms used herein have the same meanings provided in the Museums' earlier briefing on this motion.

2 In the interest of brevity, the Museums will not address here the arguments they have addressed in their earlier briefing.

Second, while there is a distinction between authority and capacity, the law of authority, like the law of representative standing, comes into play only if Schoeps is being sued as a representative of the estate. Moreover, under New York choice of law rules, the issue of authority would be resolved under German law and, as set forth in the Report of Professor Wolfgang Ernst already submitted, Plaintiffs' authority to sue Schoeps under German law in his individual capacity in this declaratory judgment action is clear.

**POINT I**

**THE LAW OF REPRESENTATIVE STANDING HAS NO RELEVANCE HERE**

In an effort to avoid directly addressing the issues raised in the Court's Order, Schoeps focuses at length on the law that he contends would apply were Schoeps being sued as a "personal representative" of the estate including, in particular, the law of representative standing. Yet the Museums have not sued him as a representative of anything. Rather, the Museums are seeking a declaratory judgment against him only as an individual and only as to his rights. As Plaintiffs have argued at length, this simple fact distinguishes this case entirely from the representative suit Justice Acosta had before him in the ALWAF case.

The Museums have shown in prior briefing that, under both federal and New York law, it is proper for them to sue Schoeps in his individual capacity for a declaratory judgment as to only his rights. Those arguments will not be repeated again.

As shown in Plaintiffs' response to this Court's March 25 Order, the terms of Rule 17(b) are perfectly plain that, since Schoeps is being sued in his individual capacity and not as a representative, German law controls the resolution of the capacity issue. It is equally plain under German law that a declaratory judgment may be sought against Schoeps in his individual capacity. German case law speaks directly to the issue.

It is also appropriate to note that Justice Acosta does not, as Schoeps contends, distinguish between capacity and representative standing. In his opinion, Justice Acosta uses these concepts interchangeably. Justice Acosta concluded that Schoeps was suing as a "personal representative" because Schoeps was alleging that "he represents 100% of Paul von Me[n]delssohn-Bartholdy's heirs," and because his claim was one for restitution on behalf of all such heirs. Schoeps v. Webber, 17 Misc. 3d 1128(A), No. 116768/06, 2007 WL 4098215, at *1 (N.Y. Sup. Nov. 19, 2007). Justice Acosta also concluded that a personal representative may bring a restitution claim on behalf of the estate or the heirs for injury to property. He cited New York Estate Powers and Trust's Law ("EPTL") section 11-3.2(b). He then pointed to EPTL section 13-3.5 which, while providing that a personal representative may bring a suit "in his capacity as personal or other legal representative," also requires that in order to bring such a suit the plaintiff "must have been appointed as a personal representative in the United States as opposed to a non-U.S. jurisdiction." EPTL § 13-3.5(a) (emphasis added); Schoeps, 2007 WL 4098215, at *2.

Thus the law on which Justice Acosta relied is framed in terms of the plaintiff acting in a representative "capacity." This nomenclature precisely mirrors Rule 17(b), which distinguishes between an individual sued as an individual and one sued in a "representative capacity." Fed. R. Civ. P. 17(b). Justice Acosta did not undertake any separate or distinct analysis of capacity to act as a representative on the one hand and representative standing on the other because he did not need to do so. Rather, he concluded that, based on the above statutory provisions, a person who has not obtained letters as a personal representative "lacks standing or the legal capacity" to make a restitution claim as the representative of all the heirs. Schoeps, 2007 WL 4098215, at *2. Justice Acosta's conclusions, whether relating to capacity or

standing, all depend entirely on the fact that Schoeps was suing in a representative capacity, and have no application to a suit against him in an individual capacity.

## POINT II

## SCHOEPS MISSTATES AND MISAPPLIES THE LAW OF AUTHORITY TO SUE OR BE SUED

In response to the issues raised in the Court's Order, Schoeps incorrectly focuses on the "authority" to sue or be sued, claiming that both capacity and standing are necessary to create "legal authority." Authority in this context, however, is a distinct concept that concerns whether there is the "permission or right to exercise power" to sue or be sued in a representative capacity and is not relevant to this suit where the defendant is sued in an individual capacity. Museum Boutique Intercontinental, Ltd. v. Picasso, 886 F. Supp. 1155, 1159 (S.D.N.Y. 1995).

The case law on point, which Schoeps fails to address, confirms that a distinction can, in appropriate circumstances, be drawn between capacity and authority, but does not support Schoeps's assertion that "legal authority" consists of the "requisite standing and legal capacity to be sued." Id.; Def. Br. at 1, 7-8.

Here, there is no need to consider Schoeps's authority to sue or be sued in a representative capacity, because he is being sued in his individual capacity. However, even if it were necessary to determine whether Schoeps had the authority to be sued as an individual, German law would control the answer to that question, and makes plain that such authority exists.

In Museum Boutique, at issue was whether Paloma Picasso ("Paloma") could properly be sued in a representative capacity for a claim of mal-administration of property retained by the Picasso estate arising from conduct in which she had no personal involvement and for which she had no legal responsibility. Judge Scheindlin determined that while Rule

17(b) would require the court to decide the issue of capacity under New York law since Paloma was being sued in a representative capacity, there was a threshold issue of whether Paloma had the authority to function in a representative capacity. Rule 17(b) did not control this issue and, under the applicable French law, Paloma lacked the authority to represent the Picasso estate in litigation. Museum Boutique, 886 F. Supp. at 1159, 1161.

In so holding, Judge Scheindlin highlighted the distinction between "capacity" to sue or be sued, on the one hand, and "authority" to sue or be sued in a representative capacity, on the other. Id. at 1159. Judge Scheindlin relied on the terms of Rule 9(a) which draw this distinction, and used Black's Law Dictionary to conclude that capacity refers to the ability of a particular individual to use or be brought into a forum and authority refers to power or permission to sue or be sued. Id.; see also Fed. R. Civ. P. 9(a).

Judge Scheindlin then turned to New York choice of law principles to determine which law governed the question of authority in the matter before the court, and concluded that French law should apply because that law governed the administration of the estate property in question and Paloma's status as an heir. Id. Because under French law Paloma did not have the authority to be sued as a representative of the estate, Judge Scheindlin dismissed the representative claim brought against Paloma. Id. at 1161.

Because Schoeps is not being sued in a representative capacity, the present case does not raise the question of authority to sue or be sued. However, if it did, then, under Judge Scheindlin's reasoning in Museum Boutique, New York choice of law principles would apply with respect to the issue. In Museum Boutique, these principles pointed to French law. Here, for the same reason French law applied in Museum Boutique, German law, the law that governs von Mendelssohn-Bartholdy's estate property and Schoeps's status as an heir to that property, would

apply to determine whether Schoeps has the authority to be sued. As the Museums have amply demonstrated through the Ernst Report, there is clear authority under German law to sue a single heir for a declaratory judgment. Moreover, even were this not the case, under German law it is not necessary to sue a representative of the estate, because a suit for damages could be maintained by joining all the heirs, something this Court has the authority to order under 28 U.S.C. § 1655.

**CONCLUSION**

For the foregoing reasons and for the reasons advanced in the Museums' prior briefing, it is respectfully submitted that Schoeps's motion to dismiss should be denied.

Dated: New York, New York
April 8, 2008

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: ______________________
Evan A. Davis
Member of the Firm

One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000

Attorneys for The Museum of Modern Art and The Solomon R. Guggenheim Foundation

Of Counsel:

Kirsten L. O'Connell